United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2005-08,

Plaintiff,

v.

MODESTO BILBAENO JR., CAROLINA G. BILBAENO, JOSEPH CABALICA, and DOES 1-10, inclusive,

Defendants.

Case No. C 13-1748 SC

ORDER GRANTING MOTION TO REMAND

## I. INTRODUCTION

Now before the Court is Plaintiff U.S. Bank National Association's ("Plaintiff") motion to remand this case to state court, and for sanctions, fees, and costs associated with responding to a frivolous removal. ECF No. 4. Defendants have filed no response. Plaintiff's motion is appropriate for decision without oral argument per Civil Local Rule 7-1(b). For the reasons explained below, the Court GRANTS the motion to remand and GRANTS the motion for fees and costs, but DENIES the motion for sanctions.

United States District Court
For the Northern District of California

## II. BACKGROUND

This case arises from an unlawful detainer action under California law. In July 2005, above-captioned Defendants obtained a loan secured on a Deed of Trust (the "DOT") for property in South San Francisco (the "property"). Plaintiff obtained the DOT via assignment in July 2008. Defendants defaulted on their loan in January 2012. They failed to cure their default, after which the property was sold at a non-judicial foreclosure sale and title reverted to Plaintiff on October 9, 2012. Plaintiff served Defendants with a Notice to Vacate on October 23, 2012, but Defendants did not comply. They remain in possession of the property.

On January 24, 2013, after the Notice to Vacate's expiration, Plaintiff filed an action for unlawful detainer in San Mateo County Superior Court ("state court"). After trial, the state court entered judgment as to Defendant Cabalica on March 25, 2013. It entered default judgment against the remaining Defendants and all unnamed occupants of the property on April 4, 2013. On that same day, the state court issued a Writ of Possession for Real Property in Plaintiff's favor. On April 17, 2013, Defendants removed this action to federal court. Consequently, the San Mateo County Sheriff's Department has refused to enforce the Writ of Possession and move forward with the lockout.

## III. LEGAL STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a).

United States District Court
For the Northern District of California

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be "presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, among other things, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

A district court may remand a case to state court either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447c). The court may remand sua sponte or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. See Enrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).

## IV. DISCUSSION

### A. Remand

Defendants' Notice of Removal, ECF No. 1 ("Notice"), asserts two grounds for removal to federal court: diversity jurisdiction and federal question jurisdiction. As to diversity jurisdiction under 28 U.S.C. § 1332, Defendants assert that Plaintiff and Defendants are citizens of different states, and that the amount in

controversy exceeds $75,000, exclusive of interest and costs. Id.

As to federal question jurisdiction, Defendants cite a section of the United States Code that grants bankruptcy judges jurisdiction over Title 11 cases and "core proceedings," which include, among other things, counterclaims by an estate against persons filing claims against the state. Id. at 3 (citing 28 U.S.C. § 157(b)(2)). Defendants claim, vaguely, that this case is a core proceeding because it "concerns claims and counter-claims to the Proof of Claim and matters arising out of the administration of this removal case." Id.

Neither of Defendants' grounds for removal is sufficient. First, the face of the state court complaint states that the action involves less than $10,000. See Notice Ex. B. This fails to meet § 1332's amount in controversy requirement: "[W]hen a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with legal certainty that [the] jurisdiction amount is met." Defendants offer no proof of any kind. The Court therefore finds that, based on the amount on the face of the state court complaint, the jurisdictional amount has not been met in this case.

Second, this case is not a bankruptcy case, so 28 U.S.C. § 157 does not apply, and no federal claims appear on the face of the complaint. See Gully v. First Nat. Bank, 299 U.S. 109, 113 (1936) (federal question grounds for removal must be disclosed on the face of the complaint, not in the answer or petition for removal); Caterpillar, 482 U.S. at 392. Accordingly, the Court finds that it lacks federal question jurisdiction.

The Court therefore lacks subject matter jurisdiction over

this case. The case must be remanded to state court.

**B. Sanctions, Fees, and Costs**

If a district court remands a case, it may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Assessing costs and fees on remand "reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff," and the appropriate test for awarding fees under § 1447(c) turns on the reasonableness of the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005). Accordingly, courts may award fees under § 1447(c) only if the removing party lacked an objectively reasonable basis for seeking removal. Id.

The Court finds it obvious that a reasonable attorney would have seen no reasonable basis for removing this case. The state court had already entered judgment before Defendants removed; the thirty-day removal period, beginning from the time when Defendants received the initial pleading, had long passed; and as stated above, the Court very obviously lacks jurisdiction over this matter. The Court finds it clear that Defendants' decision to remove this case was meant to delay the enforcement of the Writ of Possession. This is exactly the kind of behavior that the removal and remand statute's fees and costs provision is meant to deter. See id.

Accordingly, the Court finds that Plaintiff is entitled to the fees and costs it incurred in filing this Motion. Having reviewed the Declaration of Plaintiff's counsel Evan Anderson in support of Plaintiff's motion for fees and costs, Mot. at 14, the Court finds Mr. Anderson's hours and billing rate reasonable. The Court

United States District Court
For the Northern District of California

therefore AWARDS Plaintiff $481 for fees and costs incurred in preparing and drafting its Motion. The Court declines to award Plaintiff costs that it anticipated incurring in responding to oppositions or attending arguments and hearings. None of those costs have been incurred in this case: this Motion is unopposed, and the Court has held no hearings or arguments. The $481 in fees and costs is to be assessed solely against Defendants' counsel, Linda Z. Voss.

The Court declines to sanction Defendants' counsel in this case. Sanctions would be duplicative of the costs awarded to Plaintiff under the removal statute. The Court also declines to issue an order precluding future removal of this action.

## V. CONCLUSION

As explained above, the Court GRANTS Plaintiff U.S. Bank National Association's motion to remand this case to San Mateo County Superior Court. The Court also AWARDS Plaintiff costs and attorney's fees totaling $481. Defendants' counsel alone is responsible for paying these fees and costs.

IT IS SO ORDERED.

Dated: June 27, 2013

UNITED STATES DISTRICT JUDGE